1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

10
11
12
13
14
15
16
17
18
19
20
21

LATANYA R. LARKINS,                     ) NO. CV 05-4399 SH
                                        )
              Plaintiff,                )
                                        )
        v.                              ) MEMORANDUM DECISION
                                        )
JO ANNE B. BARNHART,                    )
                                        )
Commissioner of the Social Security     )
Administration,                         )
              Defendant.                )
_____)

22
23
24
25
26
27
28

## I.  BACKGROUND

On October 6, 1999, Plaintiff Latanya Larkins filed for disability benefits under Title XVI of the Social Security Act.  At that time, the Social Security Administration ("SSA") afforded certain obese claimants a presumption of disability.  Nineteen days later, on October 25, 1999, the Social Security Commissioner deleted 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 9.09, resulting in the deletion of obesity from the Listings of conditions that benefitted from the presumption of disability.  In its place, the

Administration adopted a new regulation that required obese applicants to show a functional loss in order to receive disability benefits.  As a result, when Plaintiff appeared before the Administrative Law Judge ("ALJ") on April 18, 2001, for her first

hearing, the ALJ did not apply deleted Listing 9.09, but instead applied the new regulations.  *See* 64 Fed. Reg. 46122, 46123 (Aug. 24, 1999).  On April 6, 2005, at a second hearing before the ALJ, Plaintiff was again issued a decision denying the claim for disability benefits.  The ALJ found Plaintiff was not disabled.

## II.  DISCUSSION

The sole issue in this case is whether the deletion of Listing 9.09 was impermissibly applied to Plaintiff.[1]  Although this particular issue has not been decided by the Ninth Circuit, we have persuasive recent guidance from the Sixth Circuit.

Plaintiff asserts that Listing 9.09 should have been applied in her case, instead of the new regulations set forth by the Social Security Commissioner that were in place at the time of her initial hearing

The analysis courts have applied to determine whether a statute is retroactive has also been applied to regulations.  *See Combs v. Comm'r of Social Sec.*, 459 F.3d 640, 645 (6th Cir. 2006); *Kokal v. Massanari*, 163 F. Supp. 2d 1122 (N.D.Cal. 2001).  To determine whether a statute or regulation is retroactive, courts use a three-step analysis: (1) whether the statute or regulation on its face provides for prospective or retroactive application; (2) in the absence of such an express provision governing the statute's or regulation's reach, whether the statute or regulation would have retroactive effect; and (3) if the statute or regulation would have retroactive effect, whether Congress clearly intended such a retroactive effect, overcoming the presumption of prospectivity.

---

[1]      Although Plaintiff argues that the ALJ did not properly determine whether she met or equaled the Listing of Impairment 9.09 (Obesity), we need not be concerned with that argument because the ALJ correctly applied the new regulations in effect at the time of Plaintiff's hearing, without regard to Listing 9.09.

*Landgraf v. USI Film Products*, 511 U.S. 244, 114 S.Ct. 1522, 128 L.Ed.2d 229 (1994).

To determine whether a statute or regulation has retroactive effect, the court determines whether it would impair rights a party possessed when she acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. *Id*. at 280. The Court in *Landgraf* set out three factors to take into account: (1) fair notice; (2) reasonable reliance; and (3) settled expectations. *Id*. at 270.

Because the regulation here, on its face, does not provide for prospective or retroactive application, we need to determine whether the regulation has impermissible retroactive effect. This court concludes that the regulation does not have impermissible retroactive effect and we end our analysis at step two.

Plaintiff makes two arguments to support her position that the regulation is impermissibly retroactive. Plaintiff cites several cases, which we will look at in turn.

Plaintiff cites two cases, *Kokal*, *supra*, and *Cherry v. Barnhart*, 327 F.Supp.2d 1347 (N.D. Okla. 2004). *Kokal* was brought before the United States District Court for the Northern District of California. In *Kokal*, the plaintiff filed for disability benefits and received an initial hearing months *before* Listing 9.09 was deleted. The court reasoned that the ALJ erred in not considering whether she met Listing 9.09, which was still in place at the time of the hearing. The court remanded the case for further proceedings pursuant to Listing 9.09, as that Listing existed at the time of the initial ALJ hearing. The *Kokal* case is easily distinguishable from the present case.[2] In the present case, Listing 9.09 did not exist at the time of the ALJ hearing.

In *Cherry*, the plaintiff filed for social security disability benefits on May 18, 1999. While her claim was pending initial determination, Listing 9.09 was deleted. The ALJ denied the plaintiff's application for disability benefits. The *Cherry* court found the

---

[2]     There are other district court decisions similar to *Kokal*, where the court found in favor of an applicant who had filed for benefits and received an initial hearing *before* Listing 9.09 was deleted. The distinguishing factor of those other cases is that the deleted Listing was in place at the time of the initial hearing. *See Portlock v. Barnhart*, 208 F.Supp.2d 451 (D. Del. June 24, 2002) (remanding the case under the deleted Listing 9.09, where the plaintiff had an initial hearing before Listing 9.09 was deleted).

deletion of Listing 9.09 attached "new legal consequences" to individuals with claims pending review prior to October 25, 1999, resulting in a substantive change in the SSA's determination of disability, thus resulting in retroactive rulemaking. *Id*. at 1358. Moreover, the court stated that the "critical act" to determine when an applicant's substantive right is impaired is the date the application is filed, because the only action taken by the claimant is the filing of the claim. *Id*. at 1359. The court further reasoned that because the Commissioner failed to establish that Congress expressly authorized the SSA to promulgate a legislative rule with retroactive effect, the plaintiff's claim was improperly evaluated under the revised listings. *Id*. at 1360. The *Cherry* court remanded the case, concluding that the ALJ should have evaluated the plaintiff's claim for SSI benefits under Listing 9.09, which was in effect at the time she filed her claim. *Id*. at 1360.

Although this court is aware of the above two district court decisions, this court finds the reasoning of the *en banc* decision of *Combs v. Comm'r of Social Sec.*, 459 F.3d 649 (6th Cir. 2006) more persuasive for the reasons below. This will be compared more in depth in Plaintiff's second argument below.

Plaintiff cites to the first panel's decision in *Combs v. Comm'r of Social Sec.*, 400 F.3d 353 (6th Cir. 2005), *rev'd*, 459 F.3d 640 (2006); however, as defendant correctly points out, the panel's decision was overturned *en banc* by *Combs v. Comm'r of Social Sec.*, 459 F.3d 640 (6th Cir. 2006) (referred to herein as "*Combs*"). *Combs* explicitly rejects the reasoning of *Kokal* and *Cherry*. Although *Combs* is not binding precedent in the Ninth Circuit, *Combs* is of persuasive value.

In *Combs*, the plaintiff filed for social security disability benefits, and the ALJ denied the plaintiff's claim at step five while Listing 9.09 was still in place. While her claim was pending at the Appeals Council, Listing 9.09 was deleted. Another hearing was held, and the second ALJ denied her claim for benefits due in part to the deletion of the Listing. The plurality in *Combs* applied the test set forth in *Landgraf*, *supra*, 511 U.S. 244 – fair notice, reasonable reliance and settled expectations – to determine whether the

4

new regulation was impermissibly retroactive.  *Id*.  The *Combs* court ruled that the factors weighed against a finding of impermissible retroactive effect because it was a procedural, rather than a substantive rule change.  *Combs*, *supra*, 459 F.3d at 640.  The *Combs* court held that changes to a rule governing the adjudication of disability claims had their primary effect on the plaintiff's claim when the plaintiff's claim was administratively adjudicated; therefore it was not impermissibly retroactive in its effect.  *Combs*, *supra* 459 F.3d at 642.  Similarly, this court finds that these three factors weigh against a finding of impermissible retroactive effect in Plaintiff's case for the following reasons.

First, when Plaintiff filed her application on October 6, 1999, she had fair notice that Listing 9.09 would be deleted on October 25, 1999, and that she would no longer be afforded the presumption of disability.  The Commissioner gave notice and comment by publication on March 11, 1998.  *See* 64 Fed. Reg. 11854.  The actual regulation was adopted by publication on August 24, 1999.  *See* 64 Fed. Reg. 46122, 46123 (Aug. 24, 1999).

Secondly, it can hardly be argued that Plaintiff became obese due to the availability of the presumption of disability.  *Combs*, *supra*, 459 F.3d at 646.  Plaintiff did not reasonably rely on the former presumption of obesity in Listing 9.09.

Lastly, Plaintiff could not have had a "settled expectation" that the Listing would remain the same indefinitely after she filed her application.  She had notice that the presumption of disability in Listing 9.09 would be deleted and thus could not have had a "settled expectation" when she filed her application.  To the contrary, "the mere filing of an application is not the kind of completed [act] in which a party could fairly expect stability of the relevant laws" as of the date of the filing.  *Combs*, *supra*, 459 F.3d at 653 (concurrence, citing *Pine Tree Med. Ass'n. v. Sec. Of Health and Human Servs.*, 127 F.3d 118, 121 (1st Cir. 1997)).  To apply Plaintiff's approach would freeze the process under which a claimant's disability claim was filed, even if the initial hearing was not held until one year after the filing date.

The third case Plaintiff cites is *Frost v. Barnhart*, 314 F.3d 359 (9th Cir. 2002)

5

(Beezer, J., concurring and dissenting).[3]  In *Frost*, the plaintiff filed an application for Social Security Disability benefits in October 1996, and had his initial hearing in December 1997.  The ALJ did not look under an alternative section which was in place at the time of the hearing, which sections may have qualified the plaintiff for disability benefits.  Subsequently, the relevant Listing was revised and became effective September 20, 2000.  The Ninth Circuit remanded the case, concluding that the plaintiff may have met the requirements of the alternative section under the regulations applicable *at the time of his hearing*, but the ALJ had failed to address that section.  *Id*. at 364 (emphasis added).

Plaintiff argues that in *Frost*, Judge Beezer wrote his separate opinion, concurring in part and dissenting in part, because he believed that application of the revised standard to the plaintiff's case would be impermissibly retroactive.  However, Judge Beezer actually states that the correct legal standard on remand is the *one in effect at the time of the plaintiff's original hearing*.  *Id*. at 364 (emphasis added).  Hence, the reasoning Judge Beezer supports the conclusion that there was no impermissible retroactivity of the Listing in *Frost* applies to Plaintiff's case, because Plaintiff had her initial hearing after the new regulation went into effect.

It is important to note that these cited cases can be distinguished from the present case due to the fact that the applicants in those cases had an initial hearing before the new regulation went into effect, with the exception of *Cherry*.  Thus, when those applicants were heard before the ALJ, the ALJ applied the regulations in effect at that time.

Plaintiff's second argument is that her substantive rights would be altered if the new regulation applied to her, because it would raise the bar on proof of disability based

---

[3]     Plaintiff cites *Frost v. Barnhart*, 314 F.3d 359 (9th Cir. 2002) in her reply. Plaintiff asserts that the Commissioner ignored relevant case law which was directly on point in the *Frost* opinion.  The remand in *Frost* was granted for consideration of the Listing after a change in the Listings.  Plaintiff again misstates the ruling of the case.  In *Frost*, the Ninth Circuit remanded the case and explicitly expressed no opinion as to whether the ALJ should evaluate Plaintiff's disability under the new regulations or the regulations in place at the time of the hearing.  Although the case is not on point, this court will look at Judge Beezer's concurring and dissenting opinion as it is a Ninth Circuit opinion and is of value.

on obesity.  Plaintiff further argues that because she satisfied the requirements of Listing 9.09 when she filed her application, and would have qualified for disability benefits as of that date, she was also entitled to benefits on the date of her hearing before the ALJ.

However, as defendant notes, impermissible retroactivity is determined by analyzing the conduct to be regulated and the expectations that will be impacted by the new regulation.  The plurality in *Combs* found that a "statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment."  *Combs*, *supra*, 459 F.3d at 645 (citing *Landgraf*, *supra*, 511 U.S. at 269).

The critical question is what relevant activity does the rule regulate.  *Combs*, *supra*, 459 F.3d at 648 (concurrence, quoting *Landgraf*, *supra*, 511 U.S. at 291).  This court concludes that the "critical act" should be the date of the initial hearing.  According to *Combs*, "[t]he relevant activity is the agency application of the five-step procedure, not the date when claimant asserts that disability started, or the date the claim is filed.  This is because it is the application of the five-step process that the regulatory change is directed toward, not the substantive basis for disability eligibility.  In other words, the regulatory change had no retroactive effect because the presumption defined by the Listing is a rule of adjudication and therefore has its effect on claims at the time of adjudication."  *Id.* at 649.

The *Combs* court found that "[t]he *Cherry* court identified no new legal consequences that the October 1999 Listing attached to the "act" of filing a claim.  A change in step three requiring more detailed proof simply does not attach new legal consequences to the act of filing a claim."  *Id.* at 650.  The adjudicatory conduct regulated here took place years after these Listings went into effect when Plaintiff's claim was finally adjudicated by the SSA.  *Id.* at 649.  Thus, the ALJ in Plaintiff's case properly applied the regulations in effect on the date of the hearing to determine whether Plaintiff was disabled.

In the present case, the substantive requirements for disability eligibility did not

change. Rather, only the way in which the agency goes about determining whether the substantive requirements for disability are present has changed. *Combs*, *supra*, 459 F.3d at 647. The presumption of disability obesity previously afforded its applicants was changed to conform agency determinations more closely with the statutory requirements. *Id*. The actual substantive right to benefits derives from the Act's definition of disability, not the presumption in step three. The Commissioner determined that the criteria in Listing 9.09 were not appropriate indicators of listing-level severity because they did not represent a degree of functional limitation that would prevent an individual from engaging in gainful activity. *Combs*, *supra*, 459 F.3d at 643.[4]

Moreover, although courts have regarded the burden of proof as "substantive," a statute that has been held to be substantive in one context is not thereby made substantive for retroactivity purposes. *Combs*, *supra*, 459 F.3d at 648 (citing *Republic of Austria v. Altmann*, 541 U.S. 677, 124 S.Ct. 2240, 159 L.Ed.2d 1 (2004)). By reducing the number of non-disabled applicants who are awarded disability, it cannot be said that the substantive rights of these applicants are affected. They were not entitled to disability benefits under the definition of "disability" under Social Security law, and thus have no claim that their substantive rights have been impaired. The deletion of Listing 9.09 provides a more accurate way of determining the substantive right to benefits resulting from obesity. *Combs*, *supra*, 459 F.3d 650.

Moreover, the SSA may freely change rules that purely govern the conduct of adjudication, without fear of impermissible retroactive effect, if those changes apply only to pending cases. *Combs*, *supra*, 459 F.3d at 649. In May 2000, the SSA issued Social

---

[4] In the Joint Stipulation, Plaintiff also cites *Ingram v. Barnhart*, 303 F.3d 890 (8th Cir. 2002), which the court will disregard. Plaintiff misstates the holding of *Ingram* when she asserts that the Circuit Court found the deletion of Listing 9.09 impermissibly retroactive, and it should have been applied to claims filed prior to October 25, 1999. The *Ingram* court explicitly expressed no view on whether the Commissioner lacked authority to retroactively apply the new obesity regulations to cases that were pending judicial review. The Court simply remanded to the district court with directions to order the Commissioner to award benefits to Plaintiff in the amount required under the applicable statutes and regulations.

Security Ruling ("SSR") 00-3p, stating:

"The final rules deleting Listing 9.09 apply to claims that were filed before October 25, 1999, and that were awaiting an initial determination or that were pending appeal at any level of the administrative review process or that had been appealed to court."

Although the SSRs are not binding, they are given deference by courts.  Further, although they lack the force of regulation, Social Security Rulings are binding on all components of the SSA.  20 C.F.R. Section 402.35(b)(1).

### III.  CONCLUSION

The court finds that the regulations in place at the time of Plaintiff's ALJ hearing should be applied to Plaintiff's case.

Although obesity is no longer given its presumption of disability, claimants may nonetheless prevail by proving that their obesity, combined with other impairments, equals the severity of a different Listed impairment.  Here, Plaintiff was afforded that opportunity, and was deemed not disabled by the ALJ, a conclusion which Plaintiff does not challenge in the Joint Stipulation.

### IV.  ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and the complaint is dismissed.

Dated: November 16, 2006

_____/S/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE